# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| FRANK WEST, | : | APPEAL NO.   C-250586 |
| | | TRIAL NO.    A-2303087 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| CITY OF CINCINNATI, | : | *JUDGMENT ENTRY* |
| AFTAB PUREVAL, | : | |
| Mayor, City of Cincinnati, | | |
| | : | |
| EMILY SMART WOERNER, | | |
| City Solicitor, City of Cincinnati, | : | |
| and | : | |
| ADAM HENNIE, | : | |
| Interim Chief of Police, City of Cincinnati, | | |
| | : | |
| Defendants-Appellants. | : | |

This cause was heard upon the appeal, the record, the briefs, and arguments.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed 50 percent to appellants and 50 percent to appellee.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 7/8/2026 per order of the court.**

**OHIO FIRST DISTRICT COURT OF APPEALS**

By:_____
      **Administrative Judge**

**[Cite as *West v. Cincinnati*, 2026-Ohio-2593.]**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| FRANK WEST, | : | APPEAL NO. C-250586 |
| | | TRIAL NO. A-2303087 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | |
| | | *O P I N I O N* |
| CITY OF CINCINNATI, | : | |
| | | |
| AFTAB PUREVAL, | : | |
| Mayor, City of Cincinnati, | | |
| | : | |
| EMILY SMART WOERNER, | | |
| City Solicitor, City of Cincinnati, | : | |
| | | |
| and | : | |
| | | |
| ADAM HENNIE, | : | |
| Interim Chief of Police, City of | | |
| Cincinnati,[1] | : | |
| | | |
| Defendants-Appellants. | : | |


Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: July 8, 2026


*Emily Smart Woerner*, City Solicitor, *Shuva J. Paul* and *Katherine C. Baron*, Senior Assistant City Solicitors, for Defendants-Appellants,

*Cohen, Todd, Kite & Stanford, LLC, John L. O'Shea, Merlyn D. Shiverdecker,* and *Mark P. Painter*, for Plaintiff-Appellee,

---

[1] Interim Police Chief Adam Hennie has been automatically substituted for Theresa A. Theetge, who was sued in her official capacity as Cincinnati Police Chief but has ceased to hold that office. *See* App.R. 29(C)(1) ("When a public officer is a party to an appeal . . . in his official capacity and during its pendency . . . ceases to hold office, . . . his successor is automatically substituted as a party.").

**CROUSE, Presiding Judge.**

{¶1} Defendants-appellants the City of Cincinnati, Mayor Aftab Pureval, City Solicitor Emily Smart Woerner, and Interim Police Chief Adam Hennie (collectively, "the City") appeal from the trial court's entry awarding reasonable expenses to plaintiff-appellee Frank West after West successfully challenged Cincinnati Municipal Code ("CMC") 915-3(b) as being preempted and nullified by R.C. 9.68.

{¶2} The City raises multiple challenges to the trial court's award of $296,179.75 in fees and expenses to West. For the reasons set forth in this opinion, we hold that the trial court abused its discretion by failing to review the invoices submitted by West's legal team for block billing. We remand this cause for the trial court to review the invoices and exclude any block-billed entries from its award of fees, but we otherwise affirm the trial court's judgment.

## I. Factual and Procedural History

{¶3} West was charged in the Hamilton County Municipal Court with two counts of child endangering in violation of CMC 915-3 after he left an unloaded but unsecured firearm in his home and his minor son's friend picked up the weapon, loaded it, and shot West's son.

{¶4} West subsequently filed a civil action against the City in the Hamilton County Court of Common Pleas. He sought a declaration under R.C. Ch. 2721 that CMC Ch. 915 ("CMC 915") and CMC 915-3 were unconstitutional and preempted by R.C. 9.68, Ohio's firearms-uniformity law. West asked the trial court to enjoin enforcement of CMC 915 and 915-3 against him and to award him damages, costs, and attorney fees. He also filed a motion for a temporary restraining order and a preliminary injunction to enjoin the City from enforcing CMC 915 and 915-3.

{¶5} The City filed a motion to dismiss West's civil action. It contended that

West was required to raise his challenge to CMC 915 in his criminal case. West subsequently filed a motion to dismiss the charges in the criminal case in the municipal court based on a similar challenge to CMC 915-3. At that point, West had challenges to the statute pending in both the court of common pleas and the municipal court.

{¶6} Following a hearing, the trial court in the civil action issued an entry denying the City's motion to dismiss. The court also declared that CMC 915 was void and granted a permanent injunction restraining the enforcement of CMC 915 in its entirety. It further determined that West was entitled, under R.C. 9.68(B), to an award of reasonable costs and fees.

{¶7} The City appealed. In *West v. Cincinnati*, 2024-Ohio-1951, ¶ 41 (1st Dist.), we affirmed the trial court's order granting West a declaratory judgment that CMC 915-3(b) was null and void because it was preempted by R.C. 9.68 and enjoining the City from enforcing that section of the ordinance. But we reversed the portion of the trial court's order granting declaratory and injunctive relief regarding all other parts of CMC 915. *Id.* We remanded for further proceedings, "including for a determination of the extent to which Mr. West still 'prevails' in his challenge regarding CMC 915 for the purposes of R.C. 9.68(B)," which allowed a party who prevailed in a challenge to an ordinance as conflicting with the provisions of R.C. 9.68 to receive reasonable expenses. *Id.*

{¶8} On remand, West filed a motion for an award of attorney fees and costs. The motion requested $257,508.50 in fees, costs, and expenses incurred by West's legal team in the challenge to CMC 915 in both the court of common pleas and the municipal court. The legal team consisted of attorneys John O'Shea, Merlyn Shiverdecker, Ryan Shiverdecker, and Mark Painter. Expert affidavits from John

Greiner and Edward McTigue were attached to the motion in support of the request for fees and costs.

{¶9} In his affidavit, Greiner stated that all members of West's legal team were excellent, experienced, and extremely competent attorneys, and that the rates billed by each were reasonable and appropriate. He further stated that West's case involved complex legal issues and involved a significant number of proceedings, and that the time expended on these matters by West's legal team was reasonable and appropriate. Greiner stated, "[I]n every instance where it was appropriate, the more senior lawyers delegated research and drafting tasks to less experienced lawyers or law clerks," and that he saw "very little duplication of effort."

{¶10} McTigue stated in his affidavit that he had evaluated the attorney fees and expenses incurred in this case in light of the factors to be considered under Prof.Cond.R. 1.5. He stated that each attorney representing West was excellent, experienced, and extremely competent, and that the hourly rate of each was reasonable and appropriate. McTigue further stated that he had reviewed the invoice from each attorney and that "all of the time expended, and cost thereof, are reasonable and necessary."

{¶11} West also attached invoices from all four attorneys on his team. The invoices contained line-item descriptions of the work performed, the amount of time spent on each task, and the date on which the task was performed.

{¶12} The City filed a memorandum in response to West's motion for fees. It argued that the fees requested were not reasonable and that the trial court should limit any award to an amount no greater than $110,217. The City filed an expert affidavit from Emily Supinger in support of its opposition to the fee request. In the affidavit, Supinger found that the billing rates of West's attorneys were reasonable and

6

appropriate, but she identified numerous issues and problems in the various attorneys' invoices.

{¶13} First, Supinger stated that the time billed for any work on West's criminal case in the municipal court should be excluded because R.C. 9.68 only allowed for reasonable expenses to be awarded to a party that prevailed in a challenge to an ordinance as in conflict with R.C. 9.68 in a civil action.

{¶14} Second, Supinger stated that the invoices contained multiple instances of improper block billing that lumped multiple tasks into a single time entry. She stated that all but one instance of block billing was found in Merlyn Shiverdecker's invoice pertaining to the criminal case. The additional instance of block billing identified by Supinger was in Painter's invoice for time billed on September 1, 2023.

{¶15} Third, Supinger stated that the invoices contained a lack of detail in various entries, which made it difficult to determine whether the work performed was actually reasonable and expended in furtherance of the litigation. Supinger listed the entries that she felt lacked detail and stated that the amount billed in these entries should be reduced by at least 50 percent.

{¶16} Fourth, Supinger stated that Merlyn Shiverdecker's invoice contained several entries that did not coincide with the timeline of the case. She noted that three entries from September 12, 2023, September 20, 2023, and September 21, 2023, provided they were for work relating to the City's motion to dismiss. Supinger stated this could not be correct, as West's response to the motion to dismiss was filed on August 25, 2023.

{¶17} Fifth, Supinger stated that the time billed on the case was excessive, particularly because no discovery was conducted and no evidentiary hearings were held. She identified what she believed to be the necessary tasks associated with the

7

litigation, including preparing the complaint and the motion for a temporary restraining order/preliminary injunction, responding to the City's motion to dismiss, attending the hearing before the trial court, preparing an appellate brief, and preparing for and attending oral argument. Supinger noted the amount of attorney and law clerk hours that had been billed by West's legal team for each task. And she also set forth a lesser amount of fees that she believed appropriate to award for each task. For example, Supinger noted that 57.75 attorney hours and 17.6 law clerk hours had been billed for preparing the complaint, for a total of $27,726.25. She found this excessive for a seven-page complaint and a one-page motion, and she recommended that the amount billed for this task should not exceed $10,000. Her affidavit contained similar findings for the remaining tasks, except for the identified task of preparing an appellate brief. Supinger stated that the time billed for this task was reasonable.

{¶18} Sixth, Supinger stated that the billing invoices for each attorney were duplicitous and contained numerous entries where more than one counsel performed the same task within generally the same period. She identified specific entries that she found to be duplicitous.

{¶19} Seventh, and last, Supinger stated that the overall success of West in the action must be considered in awarding fees. Because West had sought to invalidate all of CMC 915 but only succeeded in invalidating CMC 915-3(b), Supinger opined that the fee award (after her previously recommended reductions were implemented) should be reduced by 20 percent.

{¶20} West filed a reply in support of his request for fees. He countered the points raised in Supinger's affidavit and updated his request for fees to a total of $272,067 to account for services rendered after the initial request was submitted. Updated invoices were attached to the motion. West also filed affidavits from all four

8

of his attorneys stating that each attorney had coordinated with cocounsel to ensure that services were not duplicative, excessive, or unnecessary, and that all work invoiced was necessary.

{¶21} Merlyn Shiverdecker's affidavit addressed the time billed for work on the criminal action in the municipal court. He stated that he had been retained to represent West in the criminal action, and that once he determined that CMC 915-3 "suffered constitutional infirmities," he assembled a team to file a civil action challenging the ordinance. Shiverdecker stated that the time billed for work on West's criminal case should not be excluded, that every hour he billed was directly related to representing West in challenging CMC 915-3 under R.C. 9.68, and that this challenge was only mounted in the municipal court because the City argued that the municipal court was the proper venue in its motion to dismiss the civil action. He further stated that the municipal court had ruled in West's favor and found that CMC 915-3 was preempted by R.C. 9.68.

{¶22} Shiverdecker's affidavit also addressed the potential errors that Supinger had identified in three September 2023 entries that he billed for working on a response to the City's motion to dismiss. He stated that this was a clerical oversight on his part and that the entries should have reflected that he was conducting legal research, reviewing materials, and drafting pleadings related to R.C. 9.68 in the pending criminal matter.

{¶23} Shiverdecker further stated that the fact that multiple attorneys worked on related issues did not render their efforts duplicative or unnecessary, and that it was the City's litigation strategy and tactics that compelled West's counsel to expend time and resources.

{¶24} Before the trial court ruled on his motion, West filed a second

supplement to the application for fees. This supplement requested that West be awarded an additional $28,102.75 in fees and costs. The parties also submitted an agreed order to the trial court stipulating that (1) Supinger, McTigue, and Greiner were qualified as experts on attorney fees, and (2) they expressly waived any hearing on the motion for fees and consented to submit the matter to the trial court.

{¶25} The trial court issued an entry granting West's motion for reasonable expenses and awarding his legal team $296,179.75 in attorney fees. The trial court also ordered the City to pay an additional $4,788 for West's expert-witness fees.

{¶26} The trial court found that West was the prevailing party in the action because he had successfully proven that R.C. 915-3(b) was in conflict with and preempted by R.C. 9.68(A). The trial court noted that the action involved complex legal issues and implicated two cases across three courts, and that West had prevailed in his challenge to CMC 915-3(b) in all courts. The trial court stated that the affidavit testimony of Greiner, McTigue, and each of West's attorneys was credible and fully supported by the evidence. And it stated that the affidavit testimony of Supinger, along with the City's arguments, was not persuasive. The trial court rejected the conclusions made in Supinger's affidavit "relating to the degree of success, duplicitous billing, excessive hours, and hours billed in the Municipal Court criminal case when considered against the record."

{¶27} The City now appeals.

## II. Review of Fee Award

{¶28} In its sole assignment of error, the City argues that the trial court committed reversible error in entering a fee award without setting forth any lodestar calculation. It contends that the trial court arbitrarily and summarily granted West's motion for an award of fees and expenses.

10

**{¶29}** A trial court's award of attorney fees pursuant to R.C. 9.68(B) is reviewed for an abuse of discretion. *Kellard v. Cincinnati*, 2021-Ohio-1420, ¶ 29 (1st Dist.). "[T]here is a strong presumption that the reasonable hourly rate multiplied by the number of hours worked, which is sometimes referred to as the 'lodestar,' is the proper amount for an attorney-fee award." *Phoenix Lighting Group, L.L.C. v. Genlyte Thomas Group, L.L.C.*, 2020-Ohio-1056, ¶ 19; *see Gauthier v. Gauthier*, 2024-Ohio-266, ¶ 22 (1st Dist.).

**{¶30}** The City raises numerous challenges to the trial court's award of fees under this assignment of error. We address each in turn.

### A. Lodestar Calculation

**{¶31}** The City first argues that the trial court failed to set forth how it calculated the fee award. The City is correct that the trial court did not set forth a specific lodestar calculation in its entry. But the court awarded West the total amount of fees requested, which was based on a lodestar calculation of the amount of hours worked by each of his attorneys multiplied by their individual hourly rates.

**{¶32}** We recognized in *Gauthier* that a trial court must state the basis for a fee award to allow for meaningful appellate review. *Gauthier*, 2024-Ohio-266, at ¶ 23 (1st Dist.). "While meaningful appellate review typically requires a decision from the trial court that explains its reasoning, it is sometimes possible to engage in meaningful appellate review if there is a clear record from which the appellate court can discern the trial court's reasoning." (Cleaned up.) *Id.*

**{¶33}** The trial court's entry in this case indicated that the court had reviewed the fee application and all affidavits that had been filed. The court made detailed credibility findings about the affidavits and the entries in the individual attorney invoices. Even though the court did not set forth a specific mathematical calculation,

we are still able to conduct a meaningful review of the fee award because it awarded the exact amount of fees requested and provided reasoning in support of the award. As we stated in *Gauthier*, "Where, as in this case, the trial court awarded the exact amount requested, no guesswork is involved in discerning how the trial court arrived at the amount awarded." *Id.* at ¶ 29.

**{¶34}** Citing *Chapel v. Wheeler Growth Co.*, 2023-Ohio-3988 (1st Dist.), the City argues that the trial court abused its discretion by failing to conduct a line-by-line review of the invoices submitted in support of the motion for an award of fees. But *Chapel* did not impose such a requirement or even insinuate that a trial court should conduct such a line-by-line review. Rather, *Chapel* recognized that it was the job of the party opposing the fee request to parse an application for attorney fees line-by-line. *Id.* at ¶ 24. And the City complied with this requirement. As evidenced by Supinger's meticulous and detailed affidavit, she parsed through each invoice and identified perceived errors. The trial court then considered the objections and issues noted by Supinger, and "rejected" her conclusions and challenges to the invoices.

**{¶35}** The City also argues that the trial court failed to "set forth its determination as to reasonable hourly rates." Not so. The trial court stated that the McTigue and Greiner affidavits "each support that the Plaintiff's counsels' hourly rates are reasonable and appropriate" and that the court found the affidavit testimony to be credible and supported by the evidence.

**{¶36}** The City makes much of the trial court's statement that "Defendants have failed to rebut the strong presumption that Plaintiff's attorney's fees are reasonable." The trial court cited *Buckeye Firearms Found. Inc. v. Cincinnati*, 2020-Ohio-5422 (1st Dist.), in support of this statement. The City argues that this was a gross misreading of *Buckeye*. In *Buckeye*, we held, "'[t]here is a strong presumption

12

that the reasonable hourly rate multiplied by the number of hours worked, which is sometimes referred to as the 'lodestar,' is the proper amount for an attorney-fee award.'" (Bracketed text in original.) *Id.* at ¶ 36, quoting *Phoenix Lighting Group*, 2020-Ohio-1056, at ¶ 19.

**{¶37}** We are not persuaded that the trial court misread or misapplied *Buckeye*. The fees requested by West's counsel were determined by a lodestar calculation, which *Buckeye* noted is presumed to be "the proper amount for an attorney-fee award." The trial court in this case simply found that the City had presented no evidence that the amount of fees requested, which was based on a lodestar calculation, was unreasonable. This was in accordance with the relevant law.

**{¶38}** The City additionally takes issue with several comments that the trial court made in open court when announcing its decision. The court stated,

> I've taken great notice of the fact that the work done by the most senior member of the West case and the least senior member. In this particular case, I'm going to point out that Ryan Shiverdecker is the one with the least experience of the group or the experience, but he did the bulk of the work.
>
> . . .
>
> The City's argument is that on many situations that they feel that the rates were too high or not too high, that the number of hours spent on a particular item was too great.

**{¶39}** As the City posits, these statements are inaccurate. The invoices submitted by West's legal team demonstrate that Ryan Shiverdecker *did not* perform the bulk of the work. And the City did not contest the rates charged by West's counsel, but rather conceded they were reasonable.

**{¶40}** But the law is clear that "a court of record speaks only through its journal and not by oral pronouncement or a mere minute or memorandum." *Schenley v. Kauth*, 160 Ohio St. 109, 111 (1953); *Paul v. PNC Bank Natl. Assn.*, 2022-Ohio-672, ¶ 9 (1st Dist.). Oral pronouncements from a court are subject to revision before journalization. *State ex rel. Marshall v. Glavas*, 2003-Ohio-857, ¶ 5. Despite making these statements on the record, the trial court found in its entry awarding fees that "the more senior lawyers appropriately delegated research and drafting tasks to less experienced lawyers or law clerks." It did not find that the most junior member of the team had done the bulk of the work. The court further found that the City had not challenged the rates charged as unreasonable. We accordingly hold that the factually inaccurate statements made by the trial court on the record before it announced its decision do not demonstrate that it abused its discretion in the award of fees.

### B. Work on West's Criminal Case

**{¶41}** The City argues that the trial court erroneously allowed West to receive fees for work his counsel billed on the criminal case in the municipal court because R.C. 9.68(B) only allows attorney fees when a party prevails in a civil action.

**{¶42}** In its entry awarding reasonable fees and expenses, the trial court found that West was entitled to include the fees incurred for work on the municipal court challenge in the award. The court stated that these fees should not be excluded because West was "forced" by the City to raise a challenge to R.C. 9.68 in the municipal court, West prevailed on the challenge in the municipal court, and this court held that the case was properly brought in the court of common pleas. *West*, 2024-Ohio-1951, at ¶ 30 (1st Dist.).

**{¶43}** R.C. 9.68(B) provides,

> A person, group, or entity adversely affected by any manner of

ordinance, rule, regulation, resolution, practice, or other action enacted or enforced by a political subdivision in conflict with division (A) of this section may bring a civil action against the political subdivision seeking damages from the political subdivision, declaratory relief, injunctive relief, or a combination of those remedies. Any damages awarded shall be awarded against, and paid by, the political subdivision. In addition to any actual damages awarded against the political subdivision and other relief provided with respect to such an action, the court shall award reasonable expenses to any person, group, or entity that brings the action, to be paid by the political subdivision, if either of the following applies:

(1) The person, group, or entity prevails in a challenge to the ordinance, rule, regulation, resolution, practice, or action as being in conflict with division (A) of this section.

(2) The ordinance, rule, regulation, resolution, practice, or action or the manner of its enforcement is repealed or rescinded after the civil action was filed but prior to a final court determination of the action.

**{¶44}** The term "reasonable expenses" is defined in R.C. 9.68(C)(3), which provides that "'[r]easonable expenses' include, but are not limited to, reasonable attorney's fees, court costs, expert witness fees, and compensation for loss of income."

**{¶45}** Here, West prevailed in showing that CMC 915-3(b) was in conflict with R.C. 9.68. That challenge was brought in a civil action. Having so prevailed, he was entitled to reasonable expenses, including "reasonable attorney's fees, court costs, expert witness fees, and compensation for loss of income." R.C. 9.68(C)(3). The

question this court must answer is whether attorney fees incurred for work on West's challenge to R.C. 9.68 in the municipal court can be included as "reasonable expenses." We hold that they can.

**{¶46}** While R.C. 9.68(B) provides that a challenge to a statute or ordinance as conflicting with R.C. 9.68 must be brought in a civil action, it does not limit the "reasonable expenses" that a party may be awarded to expenses incurred in the civil action. The definition of "reasonable expenses" includes loss of income, which is a tangential loss incurred outside of the civil action.

**{¶47}** Further, West's R.C. 9.68 challenge in the municipal court was mounted after West first raised the challenge in the court of common pleas. And the trial court found that West was "forced" to raise the challenge in the municipal court because the City had argued that municipal court was the proper venue for the challenge.

**{¶48}** We hold that where West's R.C. 9.68 challenge was only raised in the municipal court in response to the City's argument, and where Merlyn Shiverdecker provided affidavit testimony stating that all fees sought for time spent on the criminal action were directly related to West's R.C. 9.68 challenge, the trial court did not abuse its discretion in awarding West fees for work counsel billed in the criminal action.

### C. Block Billing

**{¶49}** The City argues that the trial court arbitrarily accepted and awarded fees for multiple entries of block billing that Supinger had identified in her affidavit. The trial court did not address the City's argument regarding block billing in its entry awarding reasonable fees and expenses.

**{¶50}** Block billing involves "'lumping multiple tasks into a single time entry.'" *State ex rel. Harris v. Rubino*, 2018-Ohio-5109, ¶ 6, quoting *Tridico v. Dist. of Columbia*, 235 F.Supp.3d 100, 109 (D.D.C. 2017). In *Rubino*, the court found that

block billing prevents a reviewing court from assessing whether the time spent on each task was reasonable, and it held that "this court will no longer grant attorney-fee applications that include block-billed time entries." *Id.* at ¶ 7. It stated, "Future fee applications submitted to this court should contain separate time entries for each task" and forewarned that "[a]pplications failing to meet these criteria risk denial in full." *Id.*; *see also Ho v.* Co., 2023-Ohio-3698, ¶ 67 (1st Dist.) (Kinsley, J., concurring in part and dissenting in part) (the trial court should not have awarded guardian-ad-litem fees for block-billed time entries).

**{¶51}** Following our review of the record, we agree that the invoices submitted by West's legal team, including both the initial and supplemental invoices, contained multiple instances of block billing. Pursuant to *Rubino*, the time billed for these entries should have been excluded from the award of fees, and the trial court abused its discretion in failing to do so. *See Rubino* at ¶ 7. The trial court must review all invoices submitted for block-billed entries and exclude any such entries from the fee award.

### D. *Inadequately and Vaguely Described Billing Entries*

**{¶52}** The City contends that the invoices submitted by West's legal team contained multiple entries that were inadequate and vague. These challenged entries generically described the tasks performed as "research," "writing," "editing," and "emails." Citing *Chapel*, the City contends that the fees billed for these entries should be reduced by half. In *Chapel*, we held that "a trial court could impose an across-the-board percentage reduction for excessive, unnecessary, vague, and/or inappropriate billing entries" if "the documentation of hours is inadequate." (Cleaned up.) *Chapel*, 2023-Ohio-3988, at ¶ 23 (1st Dist.).

**{¶53}** In the entry awarding reasonable fees and expenses, the trial court rejected the City's challenge to the requested fees on this ground. It found that the

"time entries are sufficiently detailed and specific, upon which this Court can make this award."

{¶54} While a description of a task as "research," "writing," "editing," and "emails" is vague, and a more detailed description would be preferable, this description must be evaluated in the context of the case and the situation in which the descriptions were offered. The underlying action in this case concerned whether any portion of CMC 915 was preempted by R.C. 9.68. Given the legal landscape of this case, we find no abuse of discretion in the trial court's determination that the entries were sufficiently detailed for the court to make a fee award.

### E. Entries Contradicted by the Case Timeline

{¶55} The City argues that the trial court erred in awarding fees for the three entries in Merlyn Shiverdecker's affidavit that Supinger identified as not comporting with the case timeline. The trial court did not specifically address this argument when ruling on West's motion for an award of reasonable fees and expenses.

{¶56} As set forth above, Supinger's affidavit identified three entries in Merlyn Shiverdecker's invoice that did not coincide with the timeline of the case. She noted that three entries from September 2023 provided they were for work relating to the City's motion to dismiss, and she questioned the accuracy of these descriptions, given that West's response to the motion to dismiss was filed on August 25, 2023. Shiverdecker, in his own affidavit, conceded this error. He stated that it was inadvertent and that the entries should have reflected that the work performed on these dates was for legal research, reviewing materials, and drafting pleadings related to R.C. 9.68 in the pending criminal matter.

{¶57} In its entry awarding reasonable fees and expenses, the trial court stated that it found Shiverdecker's affidavit to be credible and that it was not persuaded by

the arguments in Supinger's affidavit. Implicit in this statement is the court's acceptance of Shiverdecker's explanation for the three challenged entries from September 2023. We have no reason to hold that the trial court abused its discretion in accepting Shiverdecker's explanation that these entries were for work related to West's R.C. 9.68 challenge in the criminal case, which we have already determined was properly included in the fee award.

### F. Excessive and Duplicative Billing

**{¶58}** The City contends that the trial court arbitrarily rejected clear evidence of excessive and duplicative billing that the City had set forth in Supinger's affidavit.

**{¶59}** In her affidavit, Supinger identified various entries that she felt demonstrated excessive and duplicate billing, and she opined that, "[w]hile having multiple attorneys performing these tasks and attending these meetings may have been beneficial to the litigation, they are duplicative, excessive, and not reasonable."

**{¶60}** The trial court specifically stated that it rejected Supinger's conclusions on these grounds. The court found credible the statement from expert witness Greiner that the fees were nonduplicative and necessary, as well as affidavit testimony from West's counsel that they coordinated with each other to ensure that their time was not duplicative, excessive, or unnecessary. The court further found that West's attorneys spent the minimum amount of time necessary to respond to each of the City's arguments, and that "the time Plaintiff's counsel spent collaborating on the case with each other was reasonable and expedited the case by eliminating research time." *Compare Chapel*, 2023-Ohio-3988, at ¶ 24 (1st Dist.) (upholding award of fees incurred for "common forms of collaboration" among attorneys).

**{¶61}** Again, on this record, we have no reason to hold that the trial court abused its discretion in finding the affidavits offered by Greiner and West's counsel to

19

be credible and in determining that counsel had not submitted excessive or duplicative invoices.

### G. Extent West Prevailed in Underlying Action

**{¶62}** The City contends that the trial court erred in awarding West the entire amount of fees that he had requested because he was only entitled to an award of fees and expenses to the extent that he prevailed in his R.C. 9.68 challenge. The City argues that West prevailed only in his challenge to CMC 915-3(b), and that, as Supinger suggested in her affidavit, the overall award of fees should be reduced by 20 percent to account for West's overall degree of success.

**{¶63}** The trial court was not persuaded by this argument. It found that although its initial decision granting West injunctive relief was limited by the court of appeals, the limitation "did not affect or impact the relief sought by Plaintiff in this case necessary to protect him from criminal prosecution under this void City ordinance." The court further found that all of West's claims involved a common core of facts and intertwined legal theories.

**{¶64}** We agree with the City to the extent that it argues that West did not prevail on his entire R.C. 9.68 challenge. Per his complaint, West sought "a declaration that CMC 915 and CMC 915-3 are each unconstitutional" and "a declaration that R.C. 9.68 preempts and voids CMC 915 and CMC 915-3." He also filed a motion to enjoin the City from enforcing CMC 915 and CMC 915-3. The language of West's filings makes clear that he sought to invalidate not only CMC 915-3, but CMC 915 in its entirety. And while the trial court found that CMC 915 was void and granted a permanent injunction restraining the enforcement of CMC 915 in its entirety, this court reversed that judgment in part. We affirmed the trial court's finding that CMC 915-3(b) was null and void because it was preempted by R.C. 9.68. But we reversed the portion of the trial

court's order granting declaratory and injunctive relief regarding all other parts of CMC 915. *See West*, 2024-Ohio-1951, at ¶ 40-41 (1st Dist.).

**{¶65}** West, therefore, did not prevail in his entire challenge to CMC 915.

**{¶66}** Under the plain language of the statute, West was only entitled to be awarded fees and expenses for the claims upon which he prevailed. *See* R.C. 9.68(B) (providing that the trial court shall award reasonable fees to a party that "prevails in a challenge" to an ordinance as being in conflict with R.C. 9.68(A)).

**{¶67}** Where "claims can be separated into a claim for which fees are recoverable and a claim for which no fees are recoverable, the trial court must award fees only for the amount of time spent pursuing the claim for which fees may be awarded." *Bittner v. Tri-County Toyota, Inc.*, 58 Ohio St.3d 143, 145 (1991); *Hustler Cincinnati, Inc. v. Elm 411, L.L.C.*, 2014-Ohio-5648, ¶ 23 (1st Dist.). Dividing attorney fees among claims is not always feasible. *Hustler* at ¶ 24. When "claims involve a common core of facts or will be based on related legal theories, it may be difficult to divide the hours expended on a claim-by-claim basis." (Cleaned up.) *Edlong Corp. v. Nadathur*, 2013-Ohio-1283, ¶ 16 (1st Dist.). Accordingly, "where multiple claims are rooted in the same allegations, facts, discovery, and legal arguments, a trial court does not abuse its discretion in awarding attorney fees for the time spent on the claims." *Id.*

**{¶68}** The trial court recognized that West had not prevailed on all his claims but determined that West had obtained the only relief necessary to protect him from criminal prosecution under CMC 915-3 and that all of West's claims involved a common core of facts and intertwined legal theories. We hold there was no abuse of discretion in this determination.

**{¶69}** West's challenges to both CMC 915-3(b) and CMC 915 in its entirety were based on arguments that the ordinances were preempted by R.C. 9.68. These

challenges involved a common core of facts and legal theories, making it infeasible to determine the exact hours spent challenging CMC 915-3(b) specifically. On this record, the trial court did not abuse its discretion in failing to limit West's award of fees to correspond to the extent that he prevailed in his challenge.

## H. Award for Supplemental Invoices

**{¶70}** The City last argues that the trial court arbitrarily awarded the fees requested in West's supplemental invoices without justification, and that the fee award should be reduced by the amount of these supplemental requests. In support, the City contends that these supplemental bills were largely for preparation of the attorney-fee motion itself. We find this argument to be without merit.

**{¶71}** The law allows for recoupment of fees incurred while preparing a request for fees or for a hearing on a motion for fees. "It is well established that the time spent in establishing entitlement to an amount of attorney fees is compensable. Counsel is also entitled to fees for his representation during the appellate process." (Cleaned up.) *Christen v. Continental Ents., Ltd.*, 2020-Ohio-3665, ¶ 51 (8th Dist.); *see Ron Scheiderer & Assoc. v. London*, 1998-Ohio-453, ¶ 13 (holding that an award of attorney fees pursuant to R.C. 2323.51 for frivolous conduct may include fees incurred prosecuting the motion for sanctions).

**{¶72}** We accordingly hold that the trial court did abuse its discretion in awarding West the fees requested in his supplemental invoices.

## III. Conclusion

**{¶73}** The City's assignment of error is sustained in part and overruled in part. Because the trial court abused its discretion by failing to review the invoices submitted by West's legal team for block billing, we reverse the trial court's judgment to the extent that it included an award of fees for block-billed entries. This cause is remanded

for the trial court to review all invoices and exclude from the award of fees any entries that contain block billing. The trial court's judgment is otherwise affirmed.

Judgment affirmed in part, reversed in part, and cause remanded.

**MOORE J.,** concurs.
**BOCK, J.,** concurs in part and dissents in part.

**BOCK, J.,** concurring in part and dissenting in part.

**{¶74}** I agree with the portions of the majority's opinion holding that the trial court's method of calculating fees was not an abuse of discretion, the attorney-fee invoices were sufficiently detailed, and the trial court's failure to review the fee invoices for block billing constituted an abuse of discretion.

**{¶75}** But I disagree with the majority's interpretation of R.C. 9.68 as permitting an award of attorney fees for West's challenge to the City's ordinance in his criminal case. I would hold that the statute's plain language limits attorney-fee awards to only fees incurred in civil actions. Moreover, even if the language were ambiguous, the manner in which the legislature amended R.C. 9.68(B) bolsters the conclusion that the legislature intended to limit "reasonable expenses" awards to expenses resulting from civil litigation.

**{¶76}** I respectfully dissent from that portion of the majority's opinion.

### A. R.C. 9.68

**{¶77}** The legislature enacted R.C. 9.68 in 2007 "to provide uniform laws throughout [Ohio]" regulating firearms. 2005 Am.Sub.H.B. No. 347. R.C. 9.68(A) contains a prohibition against political subdivisions within Ohio enacting or enforcing any provision that restricts individuals' rights to keep and bear arms. And R.C. 9.68(B) provides remedies for "adversely affected" people, groups, or entities by political subdivisions' enactment or enforcement of ordinances that conflict with section A's

23

prohibition. R.C. 9.68.

*1. R.C. 9.68(B) and its Legislative History*

**{¶78}** Since its enactment in 2007, R.C. 9.68 has been amended three times. Only the amendment effective in 2019 is relevant to this appeal.

a. R.C. 9.68 originally permitted attorney fees for anyone successfully challenging an ordinance in conflict with the statute

**{¶79}** R.C. 9.68 was enacted by the legislature's passing of 2005 Am.Sub.H.B. No. 347. As introduced, the bill did not provide any attorney-fee awards to those successfully challenging an ordinance. *See* Jim Aslanides, The Ohio Legislature, House Bill 347, https://legislature.ohio.gov/legislation126/hb347/documents (accessed June 29, 2026) [https://perma.cc/B2DX-W2QE].

**{¶80}** As enacted, although the bill contained no specific provision allowing those challenging an ordinance to bring a civil cause of action, it required courts to "award costs and reasonable attorney fees to any person, group, or entity that prevails in a challenge to an ordinance, rule, or regulation as being in conflict with this section." Thus, when originally enacted, R.C. 9.68(B) broadly required courts to award attorney fees to *anyone* in *any action* who successfully challenged an ordinance that conflicted with R.C. 9.68(A).

b. 2019 Amendment

**{¶81}** The legislature's 2019 amendment to R.C. 9.68, which is the version of the statute relevant to this appeal, changed section B of the statute in three ways.

**{¶82}** First, the amendment specifically allowed those adversely affected by an ordinance conflicting with R.C. 9.68(A) to "bring *a civil action* against the political subdivision seeking damages from the political subdivision, declaratory relief, injunctive relief, or a combination of those remedies." (Emphasis added.) 2017

Am.Sub.H.B. No. 228, Section I.

{¶83} Second, the amendment narrowed R.C. 9.68(B)'s attorney-fee awards. While the original version of the statute required courts to award attorney fees to *anyone* who prevailed in *any action* challenging a gun-restriction ordinance as conflicting with R.C. 9.68(A), the amendment narrowed the class of people who could collect attorney fees:

In addition to any actual damages awarded against the political subdivision and other relief provided *with respect to such an action*, the court shall award reasonable expenses *to any person, group, or entity that brings the action* . . . if either of the following applies:

(1) The person, group, or entity prevails in a challenge to the ordinance . . . as being in conflict with division (A) of this section.

(2) The ordinance, rule, regulation, resolution, practice, or action or the manner of its enforcement is repealed or rescinded *after the civil action was filed* but prior to a final court determination of the action.

(Emphasis added.) *Id.*

{¶84} Third, the amendment defined reasonable expenses as including, without limitation, "reasonable attorney's fees, court costs, expert witness fees, and compensation for loss of income." *Id.*

{¶85} Subsequent amendments to R.C. 9.68 did not alter the portions involving damages and attorney-fee awards.

### B. R.C. 9.68(B) allows attorney fees only when incurred in civil actions

{¶86} While R.C. 9.68(A) broadly prohibits political subdivisions from restricting individuals' firearm rights, R.C. 9.68(B)'s plain language clearly narrows

that broad scope to permit reasonable-expense awards only for those expenses incurred in civil actions.

{¶87} The first sentence of R.C. 9.68(B) creates a civil cause of action for those adversely affected by an ordinance like the City's. *Id*. It specifies that the civil action may seek "damages from the political subdivision, declaratory relief, injunctive relief, or a combination of those remedies." The next sentence reiterates that damages awards must be against and paid by the political subdivision. *Id*. That R.C. 9.68(B) only mentions civil actions indicates that the General Assembly intended that only parties bringing civil actions may seek damages for successfully challenging a political subdivision's gun restriction.

{¶88} The majority correctly points out that West did bring a civil action. But, in my opinion, the majority makes a faulty leap in holding that West's bringing the civil action means he was entitled to reasonable expenses incurred in both that civil action and his criminal prosecution, which also challenged the City's ordinance. The next portions of R.C. 9.68(B) bolster my conclusion that the statute applies only to expenses incurred in civil litigation.

{¶89} R.C. 9.68(B) next provides that "in addition to" damages and other relief awarded in a civil action, the trial court must award reasonable expenses to any party that "*brings the action*" if that party prevails or if the political subdivision repeals the ordinance "after the civil action was filed but" before the court enters final judgment. *Id*.

{¶90} Only the State brings criminal prosecutions. And the plain language of the statute permit attorney-fee awards only when the party that brought the action prevails, or the political subdivision repeals the statute between when the "civil action" is filed and final judgment.

**{¶91}** Further supporting this interpretation is the legislative history. While R.C. 9.68(B) originally lacked any mention of civil actions, the 2019 amendment narrowed reasonable-expense awards as being available in civil actions. 2017 Am.Sub.H.B. No. 228, Section I. This change indicates that the legislature made an intentional choice to make political subdivisions pay for an opposing party's attorney fees only in civil actions challenging an ordinance or other rule, not for a criminal prosecution.

**{¶92}** The majority also points to R.C. 9.68(C)'s definition of reasonable expenses including loss of income, asserting that this loss is incurred outside of civil litigation, and that West was "forced" to challenge the ordinance in his criminal prosecution. But a civil litigant may experience a loss in income due to time engaged in litigating the action, such as during depositions, or due to restrictions on one's employment based on an ordinance in conflict with R.C. 9.68(A). Moreover, that West was "forced" to challenge the ordinance in his criminal prosecution is irrelevant to whether he can collect attorney fees. Quite simply, if the statute applies only to fees incurred in civil litigation, his motivation for repurposing his civil challenge as a defense in his criminal prosecution is irrelevant.

**{¶93}** In sum, I believe reading R.C. 9.68(B) as permitting courts to award expenses incurred in criminal prosecutions so long as the criminal defendant also brings a civil action is contrary to the statute's plain language. The plain language of the statute provides for reasonable-expense awards only for those expenses incurred in a civil action where the plaintiff successfully challenges a political subdivision's firearm restrictions. Therefore, I respectfully dissent from that portion of the majority opinion.